UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0-12-cv-60796-WJZ

KEVIN LAWRENCE, individual, and AYSHEA
LAWRENCE, an individual, on behalf
of themselves and all others similarly situated,

    Plaintiff,

vs.                                          **COMPLAINT - CLASS ACTION**

GILBERT GARCIA GROUP, P.A., a
Florida professional association,

    Defendant.
_____/

**AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiffs, Kevin Lawrence, an individual, and Ayshea Lawrence, an individual, on behalf of themselves and all others similarly situated, file this Amended Complaint for Damages and Incidental Relief against Defendant, Gilbert Garcia Group, P.A., a Florida professional association, and allege:

**I. PRELIMINARY STATEMENT**

1.    This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.    Plaintiffs, Kevin Lawrence, an individual, and Ayshea Lawrence, an individual (hereinafter collectively referred to as "the Lawrences"), bring this action on behalf of themselves and all others similarly situated for declaratory judgment that the practices of Defendant violated

-1-

the FDCPA and for an award of statutory damages for themselves and the class.

## II. JURISDICTION

3. The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201-2202.

## III. ALLEGATIONS AS TO PARTIES

4. Plaintiff, Kevin Lawrence ("Mr. Lawrence"), is *sui juris* and a resident of Margate, Broward County, Florida.

5. Plaintiff, Ayshea Lawrence ("Ms. Lawrence"), is *sui juris* and a resident of Margate, Broward County, Florida.

6. Defendant, Gilbert Garcia Group, P.A ("Collection Law Firm"), is a Florida professional association, doing business in Broward County, Florida.

7. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another.

8. Defendant is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6).

9. The Lawrences are "consumer(s)" as said term is defined under the FDCPA, 15 U.S.C. §1692a(3).

10. For an extended period of time, Defendant has acted as the attorney for various financial institutions having debt obligations secured by mortgages ("Mortgage Loan Companies") on residential properties throughout the State of Florida.

11. In the course of its representation of the Mortgage Loan Companies, Defendant

regularly collected or attempted to collect monies from consumers for delinquent residential mortgages ("Mortgage Debts").

### IV.   FACTUAL ALLEGATIONS

#### A.   Description of Consumer Debt of Lawrences

12.   On or about April 26, 2005, the Lawrences executed and delivered to Countrywide Home Loans, Inc. ("Countrywide"), a promissory note ("Lawrence Mortgage Note") and a mortgage ("Lawrence Mortgage") securing payment of the Lawrence Mortgage Note.

13.   The Lawrence Mortgage encumbered the residence of the Lawrences, to wit: single family residence located at 6671 Fern Street, Margate, Florida 33063 ("Lawrence Residence").

14.   Under the Lawrence Mortgage Note, the Lawrences as consumers were required to pay money to Countrywide or its assignee on a monthly basis under the terms and provisions more specifically set forth therein.  The obligation to pay money under the Lawrence Promissory Note arose from a transaction to purchase or refinance the Lawrence Residence which was used for personal, family and household purposes of the Lawrences ( i.e., the Lawrences lived at the Lawrence Residence).

#### B.   Debt Collection Activities of Defendant

#### 1.   Filing of Collection Lawsuit

15.   On or about February 29, 2012, the Collection Law Firm filed or caused to be filed a civil action to foreclose the Lawrence Mortgage in that certain case styled "*The Bank of New York Mellon, etc. v. Kevin Lawrence, et al.;* Circuit Court, 17th Judicial Circuit, in and for

Broward County, Florida; Case No.:CACE-12-5618 (11) ("Lawrence Mortgage Foreclosure Proceeding").

16. A true and correct copy of the Summons, Complaint and Notice of Lis Pendens, with exhibits and attachments thereto (hereinafter collectively referred to as "Complaint") filed in the Foreclosure Proceeding, are attached hereto and incorporated by reference as Composite Exhibit "A."

17. The Lawrence Mortgage Foreclosure Proceeding constitutes an attempt on the part of the Collection Law Firm to collect a debt purportedly owed by the Lawrences under the Lawrence Promissory Note. In particular, the Complaint in the Lawrence Mortgage Foreclosure Proceeding provides *inter alia* as follows with respect to the collection of a debt:

- "Defendants **owe** Plaintiff $220,114.94 that is due and owing on principal, plus interest from and after October 1, 2007, and title search expenses for ascertaining necessary parties to this action."

    (Complaint - ¶9)

- "For purposes of **collection** and foreclosure, the Plaintiff has retained the undersigned law firm and is obligated to pay said law firm a reasonable fee for their services and additional costs.

    (Complaint - Page 3)

    (emphasis added by Plaintiffs)

18. Pursuant to the Complaint in the Lawrence Mortgage Foreclosure Proceeding, the Collection Law Firm on behalf of the creditor specifically requested a monetary judgment as part of the relief sought in the Lawrence Mortgage Foreclosure Proceeding:

"3.  That the Court reserve jurisdiction to enter a deficiency judgment for any portion of a deficiency, should one exist against any maker of the note, all in accordance with Chapter 702, Florida Statutes Annotated, unless any Defendant personally liable shall have been discharged from liability unde the subject note pursuant to the provisions of the Bankruptcy Code 11 U.S.C. Section 101, et.seq."

(Complaint - Page 3)

19. The Collection Law Firm did not communicate with the Lawrences concerning the debt represented by the Lawrence Promissory Note prior to the filing of the Lawrence Mortgage Foreclosure Proceeding.

### 2. Use of Non-Compliant Disclosure of FDCPA Validation Rights

20. The Collection Law Firm attached as an exhibit to the Complaint in the Lawrence Mortgage Foreclosure Proceeding a document entitled "Notice Required by the Fair Debt Collection Practices Act" ("FDCPA Validation Notice").

21. A true and correct copy of the FDCPA Validation Notice is attached hereto and incorporated by reference as Exhibit "B."

22. The FDCPA Validation Notice failed to provide complete and accurate disclosures mandated by the FDCPA:

- the amount of the debt as required under 15 U.S.C. §1692g(a)(1);
- the name of the creditor to whom a debt was owed as required under 15 U.S.C. §1692g(a)(2); and
- the rights of consumers with respect to disputing consumer debts as

required under 15 U.S.C. §1692g(a)(3) insofar as the Collection Law Firm required that the consumer dispute the debt in writing.

### 3. Post-Complaint Filings in the Lawrence Mortgage Foreclosure Proceeding

23. Subsequent to service of the Complaint in the Lawrence Mortgage Foreclosure Proceeding, the Collection Law Firm sent or caused to be sent to the Lawrences various motions and other papers which were filed in the Lawrence Mortgage Foreclosure Proceeding ("Post-Complaint Filings").

24. The Post-Complaint Filings included *inter alia* a paper entitled "Plaintiff's Motion for Summary Judgment of Foreclosure and Request for Award of Attorney's Fees" ("Motion for Summary Judgment").

25. A true and correct copy of the Motion for Summary Judgment is attached hereto and incorporated herein by reference as Exhibit "C."

26. Since the service of the Complaint in the Lawrence Mortgage Foreclosure Proceeding, notwithstanding communication with the Lawrences in the form of the Post-Complaint Filings, the Collection Law Firm did not provide the Lawrences with written notice providing the Lawrences as consumers with the information mandated under 15 U.S.C. §1692g(a).

27. By information and belief, the Collection Law Firm erroneously viewed the FDCPA Validation Notice as satisfying the requirements of 15 U.S.C. §1692g(a). Accordingly, the Collection Law Firm did not send any prior or subsequent written notice or disclosure of the statutorily mandated information under 15 U.S.C. §1692g to the Lawrences.

## V. PRACTICES OF DEFENDANT

28. In the event the FDCPA Validation Notice is held to be the "initial communication" for purposes of 15 U.S.C. §1692g(a), it is or was the policy and practice of Defendant to send notices in the form or substantially similar form as Exhibit "B" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to informing consumers as to

- the amount of the debt as required under 15 U.S.C. §1692g(a)(1);
- the name of the creditor to whom a debt was owed as required under 15 U.S.C. §1692g(a)(2); and
- the rights of consumers with respect to disputing consumer debts as required under 15 U.S.C. §1692g(a)(3).

29. In the event the FDCPA Validation Notice is not held to be the "initial communication" for purposes of 15 U.S.C. §1692g(a), it is or was the practice of Defendant not to send consumers such as the Lawrences a written notice as part of its communications to collect consumer debts with respect to informing consumers as to

- the amount of the debt as required under 15 U.S.C. §1692g(a)(1);
- the name of the creditor to whom a debt was owed as required under 15 U.S.C. §1692g(a)(2);
- a statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector as required under 15 U.S.C. §1692g(a)(3);

- a statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector as required under 15 U.S.C. §1692g(a)(4); and

- a statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor as required under 15 U.S.C. §1692g(a)(5).

## VI.  CLASS ACTION ALLEGATIONS

30. This action is brought on behalf of a class consisting of:

(i) all persons with addresses in the state of Florida;

(ii) with whom the Collection Law Firm communicated with but failed to provide the written notice containing the information mandated by 15 U.S.C. §1692g(a);

(iii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes; and

(iv) during the one year period prior to the filing of the complaint in this action to the date of certification of the class.

31. Plaintiffs allege on information and belief based on the number of collection actions filed by Defendant in the Courts of the State of Florida that the class is so numerous that joinder of all members is impractical. Based on Defendant's collection activities, Plaintiffs estimate that the class includes hundreds or thousands of class members.

32. There are questions of law or fact common to the class which predominate over any issues involving only individual class members. The common factual issue common to each class member is that the Defendant failed to send the written notice providing all the information mandated by 15 U.S.C. §1692g(a) to debtors with whom Defendant communicated with in an attempt to collect a consumer debt.

33. The common legal issue is whether Defendant violated the FDCPA by failing to provide complete and accurate disclosures mandated by 15 U.S.C. §1692g(a).

34. Plaintiffs' claims are typical of those of the class members. All claims are based on the same facts and legal theories.

35. Plaintiffs will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel has any interests which might cause them not to vigorously pursue this action.

36. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (1)  The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (2)  A class action is superior to other available methods for the fair and efficient

adjudication of the controversy.

37. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

38. Plaintiffs request certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

### VII.   FAIR DEBT COLLECTION PRACTICES ACT CLAIM

39. At all times material hereto, the Mortgage Loan Companies, including Countrywide or its assigns, were "creditors" as said term is defined under 15 U.S.C. §1692a(4).

40. At all times material hereto, the Mortgage Debts, including the obligation under the Lawrence Mortgage Note, were a "debt" as said term is defined under 15 U.S.C. §1692a(5).

41. At all times material hereto, the FDCPA Validation Notice was a "communication" as said term is defined under 15 U.S.C. §1692(a)(2).

42. At all times material hereto, the Post-Complaint Filings were a "communication" as said term is defined under 15 U.S.C. §1692(a)(2).

43. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

   (3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

  44. As described above, the conduct of Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et sequi*, by the failure of Defendant to properly inform the consumer as to the consumer's rights to dispute a consumer debt in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer in violation of 15 U.S.C. §1692g(a)(3).

  45. As a result of Defendant's conduct, Plaintiffs and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

  46. Plaintiffs and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

  WHEREFORE, Plaintiffs, Kevin Lawrence, an individual, and Ayshea Lawrence, an individual, request judgment be entered in their favor and in favor of the class against Defendant, Gilbert Garcia Group, P.A, a Florida professional association, for:

  A. Declaratory judgment that the above-described conduct of Defendant violates the

Fair Debt Collection Practices Act;

      B.      Statutory damages pursuant to 15 U.S.C. §1692k;

      C.      An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

      D.      Such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, Kevin Lawrence, an individual, and Ayshea Lawrence, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demand a trial by jury of all issues so triable.

/s/ Robert W. Murphy  
ROBERT W. MURPHY  
Florida Bar No. 717223  
1212 S.E. 2nd Avenue  
Ft. Lauderdale, FL 33316  
(954) 763-8660 Telephone  
(954) 763-8607 Facsimile  
rphyu@aol.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Jennifer Anderson Hoffman, Esquire, Marlow, Connell, Abrams, Adler, Newman & Lewis, 4000 Ponce de Leon Boulevard, Suite 570, Coral Gables, FL 33146, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/  Robert W. Murphy