UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:12-cv-60796-WJZ

KEVIN LAWRENCE, individual,
and AYSHEA LAWRENCE, an
individual, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

GILBERT GARCIA GROUP, P.A. a
Florida professional association,

    Defendant.
_____ /

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant, GILBERT GARCIA GROUP, P.A. ("Gilbert Garcia"), by and through undersigned counsel, pursuant to Fed.R.Civ.P. 12(b)(6) and L.R. 7.1, moves to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted.

**I.**  **Allegations**

Plaintiffs are the debtors in a foreclosure action currently pending in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-12-5618(11). Gilbert Garcia represents the creditor in that action. The Summons, Complaint and Notice of Lis Pendens with exhibits and attachments in the foreclosure action are attached to Plaintiffs' Amended Complaint in this action. See, ¶ 16. Attached to the mortgage foreclosure Complaint is a document entitled "Notice Required by the Fair Debt Collection Practices Act, (The Act) 15 U.S.C. § 1601 As Amended." ("The

Notice").

Plaintiffs allege that the Notice does not comply with the requirements of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g.  See, ¶ 20-22 and 39-44 of Plaintiffs' Amended Complaint.  As a result of the alleged violation of the FDCPA, Plaintiffs contend that they are entitled to statutory damages, costs and attorney's fees. See, ¶ 45-46 of Plaintiffs' Amended Complaint.[1]

Plaintiffs claim that Defendant's prosecution of the foreclosure proceeding constitutes an attempt to collect a debt because the Foreclosure Complaint states that the Lawrence's owe $220,114.94 on the mortgage.  See, Plaintiffs' Amended Complaint at ¶ 17.  In addition, Plaintiffs claim the Foreclosure Complaint is an attempt to collect a debt because the Foreclosure Complaint states: "For purposes of collection and foreclosure, the plaintiff [Defendant herein] has retained the undersigned law firm and is obligated to pay said law firm a reasonable fee for their services and additional costs." See, Plaintiffs' Amended Complaint at ¶ 17.  Finally, Plaintiffs allege that the Foreclosure Complaint was filed for purposes of collecting a debt because the creditor requests that the court reserve jurisdiction to enter a deficiency judgment should one exist.  See, Plaintiffs' Amended Complaint at ¶ 18.

Plaintiffs have now also added allegations that Defendant is seeking to collect a debt based upon the Motion for Summary Judgment that was filed in the foreclosure proceeding.  Plaintiffs allege that even though they have communicated with Defendant in the mortgage foreclosure proceeding through pleadings that Defendant has still not

---

[1] Plaintiffs also allege that they should be representatives of a class action for all persons who received a similar notice from Gilbert Garcia as part of a foreclosure Complaint.

provided Plaintiffs with the FDCPA Notice required under 15 U.S.C. § 1692(g)(a). Plaintiffs also plead that if the Notice attached to the foreclosure Complaint [D.E. 5-2] is an "initial communication" under the FDCPA then it is non-compliant and would cause consumers to become confused or frustrated.  In the alternative, if the Notice attached to the foreclosure Complaint [D.E. 5-2] is not an "initial communication" under the FDCPA, then Plaintiffs allege it was Defendant's practice not to send compliant FDCPA Notices to consumers in its attempt to collect a debt.  See, Plaintiffs' Amended Complaint at ¶ 28 and 29.

In spite of the additions to Plaintiffs' Amended Complaint, they have still failed to state a claim upon which relief can be granted.

**II.     Standard for Motion to Dismiss**

The court is required to review the allegations of the Complaint in the light most favorable to the plaintiff in ruling on a motion to dismiss.  See, *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998).  The court is only to examine the four corners of the Complaint and any and all exhibits attached to the Complaint.  See, *Kelliher v. Target National Bank*, 826 F. Supp. 2d 1324, 1327 (M.D. Fla. 2011) citing Fed. R. Civ. P. 7(a) and 10(c).  In this case, there is no set of facts that would entitle Plaintiffs to relief and therefore Defendant is entitled to dismissal of the Complaint with prejudice as a matter of law.

**III.    Plaintiffs cannot state a claim on which relief can be granted under the FDCPA  because the Pleadings in the foreclosure action do not constitute an "initial communication."**

"The FDCPA imposes liability on 'debt collectors' who fail to comply with its

provisions when collecting a 'debt.'" See, *Buckman v. Am. Bankers Ins. Co. of Florida*, 115 F. 3d 892, 894-95 (11th Cir. 1997) citing 15 U.S.C. § 1692k. "In order to prevail on a FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" See, *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) quoting *Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1360-61(S.D. Fla. 2000).

The United States Supreme Court in *Heintz v. Jenkins* held that an attorney "who 'regularly' engage[s] in consumer debt collection activity, even when that activity consists of litigation" may be deemed a debt collector under the FDCPA. See, *Heintz*, 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L. Ed. 2d 395 (1995). However, 15 U.S.C. § 1692g(d) provides that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of [15 U.S.C. § 1692g(a)]."; See also, 15 U.S.C. § 1692e(11)(stating that paragraph involving initial communication does not apply to a formal pleading made in connection with a legal action). Thus, Plaintiffs' Amended Complaint must be dismissed. See, *Correa v. BAC Home Loans Servicing LP*, 2012 WL 1176701, *14 (M.D. Fla. April 9, 2012)("[t]o the extent plaintiff is attempting to sue the [law firm] defendants for filing the verified foreclosure complaint in violation of 15 U.S.C. § 1692g(a), that claim is precluded by statutory law and Eleventh Circuit precedent.") citing 15 U.S.C. § 1692g(d) and *Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003).

Prior to the 2006 Amendment to the FDCPA (15 U.S.C. § 1692g(d)) the Eleventh Circuit held that the filing of a legal action does not constitute an initial communication in connection with the collection of a debt for purposes of 15 U.S.C. § 1692g(a). In *Vega v. McKay*, 351 F. 3d 1334 (11th Cir. 2003), the Vega's leased property from an RV resort for a trailer space. The Vega's failed to pay their rent and the resort retained the McKay law firm to file a small claims action to recover damages from the Vegas' failure to pay the rent. The McKay law firm sent the Vega's a package including a civil Complaint, summons to appear for a pretrial conference and a FDCPA notice. *Id.* at 1335. The Vega's then filed suit against the McKay law firm, including class action allegations, claiming that the law firm violated the FDCPA asserting that the Complaint package constituted an "initial communication" under the FDCPA and that the summons contradicted the debt notice rendering the notice ineffective. *Id*.

McKay moved to dismiss the Complaint arguing that the service of legal papers does not constitute an "initial communication" as defined by the FDCPA and therefore the sufficiency of any FDCPA notice contained in the Complaint package was irrelevant. *Id*. The district court granted the motion to dismiss citing *McKnight v. Benitez*, 176 F. Supp. 2d 1301, 1308 (M.D. Fla. 2001) wherein the Middle District had held that the service of papers in a legal action does not constitute an "initial communication" under the FDCPA. The court in *McKnight* held that "it is more consistent with the purpose and intent of Congress…[that] the term 'communication' as used in The Act does not include a 'legal action' or pleadings or orders connected therewith." *McKnight*, 176 F. Supp. 2d at 1306, 1308 (noting that the purpose of the FDCPA is to "curb abusive debt collection

practices, not legal actions"). The Vega's appealed this ruling to the Eleventh Circuit which affirmed and adopted the finding of *McKnight* that the term "communication" as used in the FDCPA does not include a "legal action" or pleading. *Id.* at 1337. See also, *Acosta v. Campbell*, 309 Fed. Appx. 315 (11th Cir. 2009)("a communication issued from foreclosing party, or its counsel, regarding the foreclosure, does not violate 15 U.S.C. § 1692c(b) as such communication is not subject to the FDCPA."); *Diaz v. Florida Default Law Group*, 2011 WL 2456049 (M.D. Fla. 2011)("Hello Letters" sent immediately prior to the initiation of foreclosure action are not considered debt collection activity under the FDCPA because the letters were not a "means to collect or attempt to collect any debt."). Moreover, as stated, the FDCPA now provides that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of sub-section (a) [.]" 15 U.S.C. § 1692g(d).

Thus, Plaintiffs' Amended Complaint should be dismissed because the pleadings in the foreclosure action are not an "initial communication" under the FDCPA. Plaintiffs inclusion of allegations in the Amended Complaint that the mortgage foreclosure proceeding is an attempt to collect a debt because the Foreclosure Complaint requests that the court reserve jurisdiction to enter a deficiency judgment, if necessary, and a request for attorney's fees is of no moment. The inclusion of these allegations in the foreclosure action does not change the fact that the pleadings in the foreclosure action are not an initial communication as defined by the FDCPA. Plaintiffs' inclusion of the motion for summary judgment and affidavits filed in the state foreclosure action as grounds for violation of the FDCPA does not change anything. 15 U.S.C. § 1692g(d)

provides that any communication in the form of a "formal pleading" is not an initial communication. The statute does not limit the type of "formal pleading" to the initial complaint. The statute refers to any "formal pleading" in a civil action. Moreover, the inclusion of a request for attorney's fees in the Motion for Summary Judgment in the foreclosure is simply a general request for relief to the court and is not considered an attempt to collect a debt. See, *Gaisser v. Portfolio Recovery Assoc., LLC*, 571 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008)(general requests for attorney's fees that court has discretion to award in a collection action was not a misrepresentation of the amount of debt in violation of 15 U.S.C. § 1692e); See also, *Leone v. Credit Card Receivables Fund Inc.*, 2009 WL 8477347 (S.D. Fla. November 6, 2009). Thus, Plaintiffs' Amended Complaint should be dismissed.

**IV.     Plaintiffs cannot state a claim on which relief can be granted under the FDCPA based on the prosecution of a foreclosure action.**

The Eleventh Circuit has held that a mortgage foreclosure action does not qualify as debt collection activity within the scope of the FDCPA. See, *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009). The court in *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) stated:

> [F]orclosing on a mortgage 'is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing…is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.'

*Id.* quoting *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); see also, *Acosta v. Campbell*, 2006 WL 3804729, *4 (M.D. Fla. December 22, 2006)("[n]early every court that has addressed the question has held that foreclosing on a mortgage is not a debt collection activity for the purposes of the FDCPA").

Thus, Plaintiffs' Amended Complaint should be dismissed because the foreclosure action is not an activity subject to the FDCPA.

**V.    Conclusion**

Based on the foregoing, Plaintiffs are unable to plead any facts that will state a claim for relief under the FDCPA. The formal pleadings in the foreclosure action do not constitute an "initial communication" under the FDCPA.  Additionally, the prosecution of a mortgage foreclosure is not "debt collection" under the FDCPA. Therefore, Plaintiffs' Amended Complaint, including the class action allegations, should be dismissed with prejudice.

**WHEREFORE**, Defendant, GILBERT GARCIA GROUP, P.A. respectfully request the Court enter an Order dismissing Plaintiffs' Amended Complaint with prejudice and for any other relief as the Court may allow.

Respectfully Submitted,

*/s/ Jennifer Anderson Hoffman*
Jennifer Anderson Hoffman
Fla. Bar No. 981605
jhoffman@marlowconnell.com
Marlow, Connell, Abrams, Adler, Newman & Lewis

>4000 Ponce de Leon Blvd., Suite 570
>Coral Gables, FL  33146
>(305) 446-0500 - Telephone
>(305) 446-3667 – Facsimile
>Attorneys for Defendant, Gilbert Garcia

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on the 11th day of July, 2012, I filed the foregoing document with the Clerk of the Court via electronic filing. I also certify that the foregoing document was served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: */s/ Jennifer Anderson Hoffman*
>Jennifer Anderson Hoffman, Esq.
>Fla. Bar No. 981605
>jhoffman@marlowconnell.com

## SERVICE LIST

Robert W. Murphy, Esq.
1212 Se 2nd Avenue
Fort Lauderdale, FL 33316
Tel: (954)763-8660
Fax: (954)763-8607
E-Mail: rphyu@aol.com
Attorneys for Plaintiffs
*Served via CM/ECF*