UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

KEVIN LAWRENCE, individual, and
AYSHEA LAWRENCE, an individual, on
behalf of themselves and all others similarly
situated,

CASE NO.: 0:12-cv-60796-WJZ

Fla. Bar No. 981605

    Plaintiffs,
v.

GILBERT GARCIA GROUP, P.A., a
Florida professional association,,

    Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant, GILBERT GARCIA GROUP, P.A. ("Gilbert Garcia"), by and through undersigned counsel, pursuant to Local Rule 7.1 files this Reply to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss Amended Complaint [D.E. 11].

In Plaintiffs' Response, they reiterate their position set forth in their Amended Complaint that the filing of the Foreclosure Complaint by Gilbert Garcia constitutes an attempt to collect a debt for purposes of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs set forth three reasons why the Foreclosure Complaint is an attempt to collect a debt. First, the Foreclosure Complaint states how much the Lawrence's owe on the mortgage. Second, the Foreclosure Complaint states that the mortgagor, "for purposes of collection and foreclosure" has retained a law firm and is obligated to pay a reasonable fee and costs. Finally, the Foreclosure Complaint asks the court to reserve jurisdiction to enter

a deficiency judgment, if any should exist, after the foreclosure is complete. [D.E. 11, Page 3-4]. However, Plaintiffs admit that the Foreclosure Complaint is not an "initial communication" that would trigger the requirement for Gilbert Garcia to comply with 15 U.S.C. §1692g. [D.E. 11, p. 15]. As such, whether the "validation notice" attached to the Foreclosure Complaint complies with 15 U.S.C. §1692g is not relevant because it was not required in the first place. See *Acosta v. Campbell*, 2006 WL 3804729, *5 (M.D. Fla. 2006) ("a deficiency notice which may not comply with the FDCPA, is not material, unless the Act required such notice or other action to be taken; if the FDCPA does not apply… then it does not matter that the notice was deficient.") citing *McKnight v. Benitez*, 176 F.2d 1301, 1304 (M.D. Fla. 2001). Thus, Defendant does not need to address whether the validation notice is compliant.

Because Plaintiffs' argument that the Foreclosure Complaint is an "initial communication" fails on its face, then Plaintiffs assert, in the alternative, that the filing of the Motion for Summary Judgment in the foreclosure action is not a "pleading" under the FDCPA and therefore is subject to the validation notice requirements of 15 U.S.C. §1692g. [D.E. 11, p. 5]. Plaintiffs go to great lengths in their Response Memorandum to distinguish and define a "formal pleading" to support their argument that Gilbert Garcia should have complied with 15 U.S.C. §1692g when it filed its Motion for Summary Judgment in the foreclosure action. Plaintiffs argue under rules of statutory construction that the term "pleading" as used in 15 U.S.C. §1692g means only the complaint and answer and would not include the motion for summary judgment. [D.E. 11, p. 17]. However, a court is "not bound by the plain meaning of statute where its literal application will produce a result

2

'demonstratively at odds with the intention of its drafters.'" See *Clark v. Capital Credit & Collection Services*, 460 F.3d 1162, 1169 (9th Cir. 2006) quoting *In re: Beem,* 153 F.3d 1034, 1036 (9th Cir. 1998) citing *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed. 2d 290 (1989). Moreover, the court is "not required to interpret a statute in a formalistic manner when such an interpretation would produce a result contrary to the statute's purpose or lead to unreasonable results." See *United States v. Combs*, 379 F.3d 564, 569 (9th Cir. 2004) citing *Commissioner v. Brown*, 380 U.S. 563, 571, 85 S.Ct. 1162, 14 L.Ed. 2d 75 (1965).

In an unreported decision out of the State of Washington, a debtor alleged that an attorney failed to notify him "in post pleading litigation documents that the communication was from a debt collector" as required by the FDCPA, 15 U.S.C. §1692e. See *Motherway v. Gordon*, 2010 WL 2803052 (W.D. Wash. 2010).[1] Motherway focused "on a technical definition of 'pleading' arguing that it does not include the litigation documents other than Complaints, Answers and Replies." *Id.* at *3. The court stated that "[w]hile it is true that the statutory language can theoretically be construed in Motherway's favor, such an interpretation goes against common sense and will not be adopted by this Court." *Id.* The court went on to state:

> It does not make sense that Gordon [the attorney] is required to reaffirm its status as a debt collector in subsequent, post pleading litigation documents. Motherway has cited no authority for the novel proposition that motions for summary

---

[1] 15 U.S.C. §1692e provides that a debt collector may not use false, deceptive or misleading representations or means in the collection of any debt. 15 U.S.C. §1692e (11) specifically provides that the failure to disclose in an initial written communication with the consumer that the debt collector is attempting to collect a debt and the failure to disclose in subsequent communications that the communication is from a debt collector is a violation of the FDCPA. The subsection includes a exception that the paragraph "shall not apply to a formal pleading made in connection with a legal action."

> judgment are subject to §1692e(11), and that a creditor or his lawyer risks becoming a debtor if he fails to reiterate that the purpose of the debt collection lawsuit is to collect a debt. The Court can find no such authority and is unwilling to be the first to apply the FDCPA in this fundamentally nonsensical manner.

*Id.*

In this case, the same logic applies. Gilbert Garcia is not required to attach a validation notice to the complaint in the foreclosure action because it is not an initial communication under 11th Circuit precedent and pursuant to 15 U.S.C. §1692g(4). After the foreclosure action is commenced, and the debtor has been provided an opportunity through the judicial process to dispute the identity of the creditor and the amount of the debt, it does not make sense that Gilbert Garcia is required to provide the validation notice to the debtor in subsequent, post pleading litigation documents.

Plaintiffs agree that the "enforcement of a security interest through the [judicial] foreclosure process is not debt collection for purposes of the Act." [See D.E.11, p. 11] quoting *Warren v. Countrywide Home Loans, Inc.*, 342 Fed.Appx. 458 (11th Cir. 2009). Plaintiffs cite *Reese v. Ellis, Painter, et al.*, 678 F.3d 1211 (11th Cir. 2012), in support of their argument that the foreclosure action, specifically the motion for summary judgment, is an attempt to collect a debt and not just an attempt to foreclose on the creditor's security interest alone which would be exempt from the FDCPA. In *Reese*, a law firm representing a mortgagor sent a letter to the debtor seeking to collect the outstanding mortgage debt and advising the debtor that the property would be sold under Georgia Law's "Notice of Sale Under Power" which is a non-judicial foreclosure if the loan was not paid.[2] The

---

2 Georgia Law permits non-judicial foreclosure under Power of Sale when set forth in the specific instrument. See, *GA. Code Ann.* §23-2-114, 44-14-162, 44-14-162.2, and 44-14-161.

Reese's filed suit against the law firm alleging violations of the FDCPA because the "Dunning Letter" and related documents were an attempt to collect a debt and contained false, deceptive or misleading misrepresentations. The Reese's sought statutory damages and also requested a proposed Class Action. The law firm moved to dismiss the complaint arguing that it was not a debt collector because it was merely an attempt to enforce a client's security interest. *Id.* The Eleventh Circuit goes to great pains to distinguish the collection of the debt from the enforcement of a security interest in a non-judicial mortgage foreclosure and finds that documents sent by the firm have a dual purpose of collecting a debt and enforcing a security interest and are therefore subject to the FDCPA. The court denied the motion to dismiss finding that the complaint alleged sufficient facts that the law firm was a "debt collector" because it regularly attempted to collect debts. The FDCPA defines a "debt collector" as "any person who uses an instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debt[.]"

In this case, the *Reese* matter is distinguishable from the Lawrences' situation. First, the *Reese* matter involved a non-judicial foreclosure under Georgia Law. Second, the *Reese* case did not involve the required validation notice under 15 U.S.C. §1692g, but rather whether the "Dunning Letter" was false, deceptive or misleading under 15 U.S.C. §1692e. The letter advised the Reese's that they would be subject to a non-judicial foreclosure sale of their home if they failed to bring their mortgage current. In this case, the Lawrence's are facing a judicial foreclosure sale of their home because they are not paying their mortgage. The Lawrence's have an opportunity though the judicial process to dispute

the identity of the creditor and the validity of the debt without being advised of those rights in the Foreclosure Complaint.[3]

Subsequent to *Reese*, in *Birster v. American Home Mortgage Servicing, Inc.*, 2012 WL 2913786 (11th Cir. 2012), the court addressed a similar issue on appeal from the Southern District of Florida. In *Birster*, the debtor ceased making home mortgage payments and alleged they were subsequently subjected to "a relentless assault of harassing phone calls and home inspections in an attempt to collect the mortgage debt" by the mortgagor, in violation of the FDCPA. *Id.* at *1. The district court granted summary judgment to the mortgagor concluding that the debtor's allegations related solely to the mortgagor's attempt to enforce a security interest and therefore were not subject to the FDCPA.  The mortgagor in the *Birster* case never filed a judicial foreclosure action against the Birster's. All attempts to "enforce the security interest" were through phone calls, letters, and inspections of the home. *Id.* As with *Reese*, the court in *Birster* specifically looked at all of the documents and allegations of the debtors to conclude that the mortgagor was attempting to collect a debt and enforce a security interest. Neither of these cases addresses the issue of whether 15 U.S.C. §1692g applies to legal pleadings and neither of these cases addresses the issue of whether an attorney filing a motion for summary judgment in a judicial foreclosure action seeking to enforce only a security interest is required to provide the mortgagee, within 5 days of filing the motion for summary judgment, the validation notice required by §1692g.

On the one hand, Plaintiffs ask the court to find that Gilbert Garcia failed to comply with 15 U.S.C. §1692g because the validation notice attached to the Foreclosure

---

3 Although outside the documents for consideration on the motion to dismiss, it should be noted that the Lawrence's have in fact disputed the identity of the creditor by filing a motion to dismiss the foreclosure action.

6

Complaint is inadequate even though §1692g states that it does not apply to "formal pleadings". On the other hand, Plaintiffs assert that Gilbert Garcia failed to comply with §1692g because it did not include a validation notice when it filed its motion for summary judgment in the foreclosure action and that motion is not a "formal pleading" and therefore not exempt from §1692g. Plaintiffs fail to advise this Court in their Memorandum that the Motion for Summary Judgment in the foreclosure action does not request a deficiency judgment and is therefore not an attempt to collect debt, but is merely an attempt to obtain authority from the court to enforce a security interest. [D.E. 5-3, Page 1-3].[4] The subject motion for summary judgment is attached to Plaintiffs' Amended Complaint for the Court to review.

Even so, it is just nonsensical to find that §1692g does not require a validation notice with the complaint in a judicial foreclosure action because it is a "formal pleading", but that the attorney representing the mortgagor is later required to provide a validation notice in the same foreclosure proceeding when it files another legal document such as a motion for summary judgment because it is not a "formal pleading." A reasonable interpretation of the statute is that the validation notice is not required in "formal pleadings" in a judicial foreclosure action. See, *Acosta v. Campbell,* 309 Fed. Appx. 315, 320 (11th Cir. 2009) ("Like the plaintiff-appellant in *Vega*[5], Acosta was served with a foreclosure complaint in which a FDCPA notice was attached. Based on our holding in *Vega,* that a

---

4 As stated in Defendant's Motion to Dismiss, a general request for an award of attorney's fees in a collection action is not considered an attempt to collect a debt. See, *Gasser v. Portfolio Recovery Assoc.,* LLC, 571 F.Supp.2d 1273, 1279 (S.D. Fla. 2008).

5 *Vega v. McKay,* 351 F.3d 1334 (11th Cir. 2003) cited in Defendant's Motion to Dismiss. [D.E. 8].

foreclosure package including a FDCPA notice is not an "initial communication," under 15 U.S.C. § 1692g, it follows that a communication made by the party in a foreclosure action or its counsel regarding the foreclosure action is not a "communication" under 15 U.S.C. § 1692c(b).")

WHEREFORE, Defendant requests that the Court grant its Motion to Dismiss Plaintiffs' Amended Complaint with prejudice and for any other relied as the court may allow.

Respectfully Submitted,

/s/ Jennifer Anderson Hoffman
Jennifer Anderson Hoffman
Fla. Bar No. 981605
jhoffman@marlowconnell.com
Marlow, Connell, Abrams, Adler,
Newman & Lewis
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, FL  33146
(305) 446-0500 - Telephone
(305) 446-3667 – Facsimile
Attorneys for Defendant, Gilbert Garcia

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on the 16th day of August, 2012, I filed the foregoing document with the Clerk of the Court via electronic filing. I also certify that the foregoing document was served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Jennifer Anderson Hoffman*
Jennifer Anderson Hoffman, Esq.
Fla. Bar No. 981605
jhoffman@marlowconnell.com

## SERVICE LIST

Robert W. Murphy, Esq.
1212 Se 2nd Avenue
Fort Lauderdale, FL 33316
Tel: (954)763-8660
Fax: (954)763-8607
E-Mail: rphyu@aol.com
Attorneys for Plaintiffs
*Served via CM/ECF*